## S04A1184. HARRIS v. THE STATE.
### (604 SE2d 788)

FLETCHER, Chief Justice.

A jury convicted William Harris of malice murder in the shooting death of Timothy Jones and aggravated assault in the shooting of Jones's sister, Natasha Jones.[1] Harris appeals, contending that the

---

[1] The crimes occurred on June 16, 1998. Harris was indicted by a Fulton County Grand Jury on May 11, 1999 for malice murder, felony murder, and three counts of aggravated assault. A jury trial was held on August 7 through 10, 2000, and the jury acquitted Harris of one count of aggravated assault and convicted him on all other charges. The trial court sentenced Harris to life imprisonment for malice murder and a concurrent 20-year sentence for the aggravated

trial court improperly seated an alternate juror. Because the trial court had good cause to seat the alternate juror, we affirm.

The evidence at trial showed that Natasha Jones and another woman were involved in a fight, which Timothy Jones tried to break up. Harris witnessed the fight and became angry at Timothy and Natasha. After the fight broke up, Harris followed the victims, swore at them, and shot them. Harris contended that he acted in self-defense. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Harris guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

1. Harris contends that the trial court erred in seating an alternate juror without good cause. The jury was empaneled on Monday, August 7, 2000 and opening statements and testimony began the morning of Tuesday, August 8. At the end of the day, the trial court instructed the jury to return at 12:00 noon Wednesday, August 9. One juror did not report as directed. At that time, the trial court told counsel that the missing juror had asked that she be excused on Thursday and Friday to attend a family wedding. The trial court told counsel that the juror had not been excused and the trial court was not inclined to excuse the juror. The trial court waited 30 minutes, and when the juror failed to appear, the trial court seated an alternate juror, over the defendant's objection. Pursuant to OCGA § 15-12-172, a trial court may seat an alternate juror "upon other good cause shown." The fact that a juror failed to appear as instructed for continuation of evidence is sufficient good cause for the seating of an alternate juror. The trial court was not required to hold the trial in abeyance while the missing juror was located. Accordingly, the trial court did not abuse its discretion in seating an alternate juror.

2. Harris also contends the trial court erred in permitting a state expert to testify that the deceased victim did not have any cocaine or cocaine metabolite in his system. The evidence, however, was arguably relevant to Harris's contention that the victim was the aggressor, and the trial court did not abuse its discretion in admitting the testimony.[3]

*Judgment affirmed. All the Justices concur.*

---

assault on Natasha Jones. Harris filed a motion for new trial on September 6, 2000, which the trial court denied on May 14, 2003. Harris filed a notice of appeal on June 2, 2003, which was docketed in this court on March 23, 2004, and submitted for decision on the briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Johnson v. State*, 275 Ga. 650, 652 (571 SE2d 782) (2002).

DECIDED NOVEMBER 8, 2004.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.